THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



FILED
NOV 0 8 2013
Clerk, U.S. District Court
District Of Montana
Missoula

| | |
|---|---|
| YOUNG YIL JO,<br><br>Plaintiff,<br><br>vs.<br><br>SIX UNKNOWN NAMES AGENTS or MR PRESIDENT OF THE UNITED STATES BARACK OBAMA,<br><br>Defendants. | CV 13-00225-M-DWM-JCL<br><br><br>ORDER |

Plaintiff Young Yil Jo, an inmate incarcerated in the Etowah County Detention Center in Gadsden, Alabama, proceeding without counsel, has filed an incoherent one-page complaint entitled "Under 42 USC 1983 a Civil Rights Action with the Writ of Summons and a Complaint" on October 31, 2013. (Doc. 1). Although Yil Jo does not appear to have a relationship to Montana, this is his sixteenth lawsuit filed in this district.[1] As with his previous lawsuits, Yil Jo did not pay the $350.00 filing fee and did not submit an application to proceed in forma pauperis. Because this action is subject to dismissal pursuant to 28 U.S.C. §1915(g), the Court will not direct Yil Jo to pay the fee or file a motion for leave to

---

[1] *See* Civil Action Nos. 12-CV-0117-BLG-RFC; 12-CV-161-BLG-RFC; 13-CV-0007-M-DLC; 13-CV-00018-M-DLC, 13-CV-00046-M-DWM, 13-CV-00097-M-DWM, 13-CV-00109-M-DWM-JCL, 13-CV-00124-M-DWM, 13-CV-00134-M-DWM, 13-CV-00143-M-DWM, 13-CV-158-M-DWM, 13-CV-172-M-DWM-JCL, 13-CV-184-M-DWM-JCL, 13-CV-191-M-DWM, and 13-CV-200-M-DWM.

1

proceed in forma pauperis.

Permission to proceed in forma pauperis is discretionary with the Court. *See* 28 U.S.C. § 1915(a). 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Yil Jo has filed several hundred civil actions throughout the country which have been dismissed as frivolous, malicious, or for failure to state a claim. He has received three strikes in at least two federal district courts.[2] According to an August 28, 2013 Order out of the Eastern District of California, Yil Jo had filed over two hundred civil cases in that district alone. *Yil Jo v. Six Unknown Names Agents*, No. 1:13cv01358-LJO-MJS (Doc. 2).

Yil Jo has far exceeded the three "strikes" allowed by the Prison Litigation Reform Act to a prisoner attempting to proceed in forma pauperis in a federal civil lawsuit. As such, he cannot proceed in forma pauperis in the instant case unless he

---

[2] *See Yil Jo v. Six Unknown Named Agents*, No. CV-11-1963-RSM (W.D. Wash., Mar. 26, 2012); *Yil Jo v. Six Unknown Named Agents*, No. CV-12-76-JLR ( W.D. Wash, Mar. 9, 2012); *Yil Jo v. Six Unknown Named Agents*, No. CV-11-2159-JLR (W.D. Wash., Feb. 21, 2012); *Jo v. Six Unknown Named Agents*, No. 1:08-CV-00005 (E.D. Ca. Jan. 16, 2008); *Jo v. Six Unknown Named Agents*, No. 1:08-CV-00031 (E.D. Ca. Jan. 16 2008); *Jo v. Six Unknown Named Agents*, No. 1:08-CV-1260 (E.D. Ca. Aug. 29, 2008); *Jo v. Six Unknown Named Agents*, 1:08-CV-1254 (E.D. Ca. Sept. 9, 2008).

can show that he qualifies for the "imminent danger of serious physical injury" exception of Section 1915(g). Even when construed liberally in Yi Jo's favor, the allegations in his Complaint do not support a finding that he is in "imminent danger of serious physical injury."

Ordinarily litigants are given a period of time to pay the $350.00 filing fee, but Yil Jo will not be allowed to do so given his abusive litigation practices. He should have known he could not submit additional complaints without paying the filing fee or demonstrating imminent danger of serious physical harm.

Based upon the foregoing, the Court issues the following:

### ORDER

Yil Jo will not be allowed to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g). The Clerk of Court is directed to close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DATED this 8th day of November, 2013.

Donald W. Molloy, District Judge
United States District Court